LYMAN D. NORRIS v. THE MICHIGAN STATE INSURANCE COMPANY.

THE MICHIGAN STATE INSURANCE COMPANY v. LYMAN D. NORRIS.

*Estoppel by terms of arrangement relied on.*

One who claims rights in land by virtue of a confirmatory arrangement between two other persons, from one of whom his original title was derived, must recognize all the terms of that arrangement and cannot insist upon anything which his predecessor in title could not insist upon.

F. bought property upon a foreclosure which turned out to be invalid, and conveyed it with warranty. The mortgager then conveyed the equity of redemption to N. for the protection of F.'s grantees, but by an understanding between N. and F. a portion of the premises was excepted from this arrangement. *Held* that if the grantees relied on the arrangement made for their protection they must recognize its terms throughout, and could not insist on rights in the land that was thus excepted even though the original conveyance to them antedated the arrangement and exception.

Appeal from Ottawa. (Arnold, J.)   June 20.—Oct. 31.

Bill and cross-bill to quiet title. The Insurance Company appeals. Affirmed.

*Norris & Uhl* for Norris.

*Thomas J. O'Brien* for the Insurance Company.

COOLEY, J.   We have in these cases a suit and cross-suit to quiet the title of the parties, respectively, to land which both claim.   The same title in its origin was in question in the case of *Michigan State Ins. Co. v. Soule*, decided early in the term, *ante*, p. 312, and we there held that the conveyance to Norris was for the protection of the grantees of William M. and Thomas W. Ferry, under whom the Insurance Company claimed, and that, in the case then before us, the Insurance Company was entitled to recover.

The difference between that case and this is that the land now claimed by Norris was expressly, by arrangement between him and Edward P. Ferry, representing W. M. and T. W. Ferry, exempted from the general arrangement made for the protection of the grantees of the Ferrys, and left to the disposal of Norris.   As the title under which the Insurance Company claims had been acquired by grant from the Ferrys prior to this arrangement between them and Norris, it may have been inequitable to allow it to be thus cut off; but as it is not claimed by the Insurance Company that its title was perfected so as to become available otherwise than by the dealings between the Ferrys and Norris, and as it relies altogether upon equities established against Norris in favor of the Ferrys, we think it must recognize all the terms of that arrangement, and can claim nothing under it which the Ferrys could not insist upon.

It follows that the decree appealed from must be affirmed with costs.

The other Justices concurred.